*IT IS SO ORDERED*
*/s/ James Ware*
Judge James Ware

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REYNALDO RIVAS, | NO. C 01-20409 JW |
| Plaintiff(s), | **ORDER DENYING CERTIFICATE OF APPEALABILITY** |
| v. | |
| ANTHONY NEWLAND, | |
| Defendant(s). | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 20, 2005, the Court denied the petition on the merits. On July 5, 2005, Petitioner filed a notice of appeal, which the Court construes as a request for a certificate as a notice of appeal. See United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997). The Court denies Petitioner's request for a certificate of appealability.

**DISCUSSION**

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability (formerly known as a certificate of probable cause to appeal). 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard. See id. § 2253(c)(3).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

Slack v. McDaniel, 529 U.S. 473, 483 (2000).

Except for substituting the word "constitutional" for the word "federal," section 2253(c)(2) codified the standard announced by the United States Supreme Court in Barefoot v. Estelle, 463 U.S. 880, 892-93 (1983). In Barefoot, the Court explained that "a substantial showing of the denial of [a] federal right" means that a petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner], or that the questions are adequate to deserve encouragement to proceed further." Barefoot, 463 U.S. at 893 n.4 (citations and internal quotations omitted; emphasis in original). Any doubts about whether the Barefoot standard has been met must be resolved in petitioner's favor. Lambright v. Stewart, 220 F.3d 1022, 1024-25 (9th Cir. 2000).

The Court denied the instant habeas petition after careful consideration of the merits. The Court found no violation of Petitioner's federal constitutional rights in the underlying state court proceedings. Petitioner has failed to demonstrate that jurists of reason would find it debatable whether this Court was correct in its ruling. Petitioner's request for a certificate of appealability is DENIED.

The Clerk shall transmit the file, including a copy of this order, to the Court of Appeals. Petitioner may then ask the Court of Appeals to issue the certificate. See Fed. R. App. P. 22(b).

Dated: April 18, 2006

/s/ James Ware
JAMES WARE
United States District Judge

P:\PRO-SE\SJ.Jw\HC.01\rivas20409coa.wpd

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Reynaldo Rivas
K-48757
Correctional Training Facility
Highway 101N, P. O. Box 689
Soledad, Ca 93960

Sharon R. Wooden
U.S. Attorney General's Office
455 Golden Gate Ave.
Suite 11000
San Francisco, CA 94102-7004

Dated: April 18, 2006

Richard W. Wieking, Clerk

By: /s/ m. peralta
    **Melissa Peralta**
    **Courtroom Deputy**